IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| LABOR SOURCE, L.L.C. D/B/A WISE STAFFING and WISE STAFFING GROUP | ) ) ) ) ) |
| Defendant. | ) ) ) ) |

3:21cv187-MPM-RP
CIVIL ACTION NO.

C O M P L A I N T

JURY TRIAL DEMAND

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Lafreeta Gaines Harwell who was adversely affected by such practices. As alleged with greater particularity in paragraphs below, Plaintiff Equal Employment Opportunity Commission alleges Defendant Labor Source, L.L.C. d/b/a Wise Staffing and Wise Staffing Group, failed to hire Lafreeta Gaines Harwell for a data extraction clerk after she disclosed her pregnancy during an employment interview.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Northern District of Mississippi, Oxford Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Employers Labor Source, LLC d/b/a Wise Staffing and Wise Staffing Group, (the "Employers"), have operated as a single employer and/or integrated enterprise.

    (a) Defendant Employers Labor Source and Wise Staffing Group share common ownership and common management, with Marc Clegg serving as the president of both entities.

    (b) Defendant Employers Labor Source and Wise Staffing Group share the same headquarters, located at 423 Magazine St., Tupelo, Mississippi.

    (c) Defendant Employers Labor Source and Wise Staffing Group have centralized control of labor relations and personnel issues.

    (d) Sloan Westmoreland, the hiring official, held the position of sales manager/staffing coordinator/sales representative for Wise Staffing Group.

    (e) Sloan Westmoreland reported to the Commission she interviewed Lafreeta Gaines Harwell for a temp-to-hire position through Wise Staffing Group.

2

(f) Defendant Employers Labor Source and Wise Staffing Group provide staffing services.

(g) Defendant Employers Labor Source and Wise Staffing Group share the same website and emails appear under the Wise Staffing Group domain.

(h) Sloan Westmoreland, while employed by Defendant Employers Labor Source and Wise Staffing Group, reported she supervised over 40 employees under full-time contract with Labor Source.

(i) Defendant Employers Labor Source and Wise Staffing Group have continuously been a Mississippi corporation doing business in the State of Mississippi and the City of Oxford and have continuously had at least 15 employees.

5. At all relevant times, Defendant Employers have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Lafreeta Gaines, and now Lafreeta Gaines Harwell, (Harwell), filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer.

7. On May 4, 2021, the Commission issued to Defendant Employers a Letter of Determination finding reasonable cause to believe that Defendant Employers violated Title VII of the Civil Rights Act of 1964 and invited Defendant Employers to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employers to provide Defendant Employers the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employers a conciliation agreement acceptable to the Commission.

10. On June 16, 2021, the Commission issued to Defendant Employers a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12. Since at least May 2019, Defendant Employers have engaged in unlawful employment practices at its Oxford, Mississippi location in violation of Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

(a) The unlawful employment practices include failing to hire Hartwell after she disclosed her pregnancy during an interview with hiring official, Sloan Westmoreland ("Westmoreland").

(b) In May 2019, Harwell applied to work for Labor Source, L.L.C. d/b/a Wise Staffing, and Wise Staffing Group, through an external hiring site, Indeed.

(c) On May 13, 2019, Harwell interviewed with Westmoreland.

(d) During the interview, Harwell informed Westmoreland of her pregnancy.

(e) Harwell's second interview with Westmoreland occurred on May 17, 2019.

(f) Harwell sent a text message to Westmoreland on May 17, 2019 inquiring when a hiring decision would be made.

(g)     Westmoreland replied that she would try to let applicants know a decision by May 29, 2019.

(h)     On May 24, 2019, Harwell received a text message from Westmoreland informing Harwell that she was not hired.

(i)     Westmoreland stated she wanted to save Harwell for one of the next training classes after the one starting June 3, 2019.

(j)     Westmoreland never contacted Harwell about the training class starting June 3, 2019.

(k)     Labor Source, L.L.C. d/b/a Wise Staffing and Wise Staffing Group, hired less qualified non-pregnant applicants between May 2019 and September 2019.

13.     The effect of the practice(s) complained of in paragraphs 12(a)-(k) above has been to deprive Lafreeta Gaines Harwell of equal employment opportunities and otherwise adversely affect her status as employees because of her sex, female and pregnancy in violation of Title VII, as amended by the PDA.

14.     The unlawful employment practices complained of in paragraphs 12(a)-(k) above were intentional.

15.     The unlawful employment practices complained of in paragraphs 12(a)-(k) above were done with malice or with reckless indifference to the federally protected rights of Lafreeta Gaines Harwell.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.       Grant a permanent injunction enjoining Defendant Employers its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that violate Title VII, as amended by the PDA;

B.       Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.       Order Defendant Employers to make whole Lafreeta Gaines Harwell by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.       Order Defendant Employers to make whole Lafreeta Gaines Harwell by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12(a)-(k) above, in amounts to be determined at trial.

E.       Order Defendant Employers to make whole Lafreeta Gaines Harwell by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12(a)-(k) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.       Order Defendant Employers to pay Lafreeta Gaines Harwell punitive damages for its malicious and reckless conduct described in paragraphs 12(a)-(k) above, in amounts to be determined at trial.

G.       Grant such further relief as the Court deems necessary and proper in the public interest.

H.       Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**GWENDOLYN YOUNG REAMS**
Acting General Counsel

*s/ Faye A. Williams*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 685-4609
faye.williams@eeoc.gov

*s/Pamela B. Dixon*
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
pamela.dixon@eeoc.gov